UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,

        Plaintiff,

v.

M. ROBINSON, *et al.*,

        Defendants.

                                     /

Case No. 1:13-cv-431

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion for summary judgment brought by defendants Robinson, Miller, Shattuck, Makara, Bennickson, Moyer, Hickok, Freiburger, Wickwire, Hadden, and Normington (f/k/a Nevins) (docket no. 51).

    **I.**    **Plaintiff's claims**

The incidents in this action occurred at Bellamy Creek Correctional Facility (IBC). The remaining defendants in this action are: Grievance Coordinator Marshaun Robinson; Sergeants Matt Bennickson and Liza Moyer; Captain Patrick Makara; Assistant Resident Unit Supervisors (ARUS's) Laura Normington (f/k/a Nivins) and Brian Hadden; and Corrections Officers Troy Miller, Scott Shattuck, Randy Wickwire, Lucas Freiburger and Andrew Hickok. Plaintiff's remaining claims are as follows.[1] First, plaintiff has alleged a First Amendment retaliation claim against Grievance Coordinator Robinson. Specifically, that on September 12, 2012, Robinson filed a

---

[1] The Court set forth all of plaintiff's claims in its opinion screening the complaint. *See* Opinion (docket no. 5). The Court also severed some defendants from this action. *See* Order (docket no. 47).

misconduct charge against him for insolence in retaliation for plaintiff's threats to sue Robinson. *See* Opinion (docket no. 5, PageID.46).

Second, plaintiff has alleged claims under the First Amendment, Fourteenth Amendment (equal protection), and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 arising from the confiscation of his medicine bag. Plaintiff alleged that he is a practitioner of the Native American religion and that he keeps and wears a medicine bag as part of his religious practices. When he was placed in segregation on August 16, 2012, defendant Miller confiscated plaintiff's medicine bag, telling him that he was not permitted to possess the bag while he was housed in segregation. Thereafter, defendants Miller, Shattuck, Makara, and an unknown defendant ("Unknown Party #3") allegedly opened and fingered the contents of the bag, thereby desecrating plaintiff's religious object. In addition, defendants Bennickson, Moyer, Hickok, Hadden, Wickwire, Freiberger, and "Unknown Party #3" all refused to return plaintiff's medicine bag. Plaintiff complains that these defendants denied his rights under the First Amendment and RLUIPA. Plaintiff also claims that he was denied his right to equal protection when another Native American prisoner who was housed in segregation was permitted to possess his medicine bag and other segregation prisoners were permitted to have their religious objects.

      **II.**    **Defendants' motion for summary judgment**

         **A.**    **Legal standard**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim,

a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, both plaintiff and defendants have moved for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the Court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Retaliation

Plaintiff alleged that defendant Robinson violated his First Amendment rights by filing a misconduct charge against plaintiff in retaliation for plaintiff threatening to sue Robinson. To prove a First Amendment retaliation claim, plaintiff must establish three elements: "1) the plaintiff engaged in activities protected by the Constitution or statute;  2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  To establish the causation element of a retaliation claim, "the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith*, 250 F. 3d at 1037.

Plaintiff's claim fails because he was found guilty of the misconduct (insolence) for writing a kite directed to defendant Robinson which made Robinson fear for his safety.  *See* Misconduct Report and Misconduct Hearing Report (docket no. 52-2, PageID.176-177).  Plaintiff admitted that he wrote the kite even though it was purportedly sent by a different prisoner.  *Id.*  "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'"  *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005), quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994).  As in *Jackson*, the misconduct report shows

4

that there was some evidence to support the charges. *See Jackson*, 158 Fed. Appx. at 662; docket no. 41-3. Accordingly, defendant Robinson's motion for summary judgment should be granted.

### C. Claims related to plaintiff's medicine bag

#### 1. RLUIPA

"RLUIPA, as it has come to be known, applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014), quoting 42 U.S.C. § 2000cc-1(a). "To establish a cognizable claim under RLUIPA, the inmate must first demonstrate that a prison policy substantially burdens a religious practice." *Haight*, 763 F.3d at 559-60. Here, plaintiff has alleged that defendants violated RLUIPA for confiscating his medicine bag and fingering its contents when he was placed in administrative segregation. Plaintiff's claim fails. First, plaintiff is not entitled to damages against defendants because damages are not available under RLUIPA, regardless of whether prison officials are sued in their individual or official capacities. *Id.* at 567-70 (6th Cir. 2014). Second, any request for injunctive relief is now moot because plaintiff was transferred from IBC (where the allegations took place), and now is housed at Marquette Branch Prison (MBP). When a prisoner is transferred out of the prison where the alleged violations occurred, injunctive relief becomes moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Cardinal v. Metrish*, 564 F.3d 794, 798 (6th Cir. 2009). Accordingly, the motion for summary judgment filed by defendants Miller, Shattuck, Makara, Bennickson, Moyer, Hickok, Freiburger, Wickwire, Hadden, and Normington (f/k/a Nevins) should be granted as to plaintiff's RLUIPA claim.

**2.     First Amendment**

Plaintiff also contends that defendants' confiscation of his medicine bag and fingering its contents violated his First Amendment rights. The First Amendment provides in pertinent part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal citation omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948). This limitation of privileges arises "both from the fact of incarceration and from valid penological objectives - including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id.* citing *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974).

Here, each defendant sued with respect to the alleged confiscation of the medicine bag has filed an affidavit stating that he or she does not recall this specific situation. *See* Miller Aff. (docket no. 52-3, PageID.180-181); Shattuck Aff. (docket no. 52-4); Makara Aff. (docket no. 52-5); Bennickson Aff. (docket no. 52-6); Moyer Aff. (docket no. 52-7); Hickok Aff. (docket no. 52-8); Freiburger Aff. (docket no. 52-9); Wickwire Aff. (docket no. 52-10); Hadden Aff. (docket no. 52-11); Normington Aff. (docket no. 52-12).[2] Defendants point out that while medicine bags are

---

[2] The Court notes that plaintiff attempted to file a "verified" complaint by including a statement that "I declare under Penalty of Perjury that these are true statements to the best of my ability and ability [sic]." Compl. at PageID.18. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (a verified complaint has

allowed in administrative segregation, MDOC Policy Directive 04.05.120, "Segregation Standards," Attachment B, states that strings, ropes, cords, and strips of leather are <u>not</u> allowed in segregation. Miller Aff. at PageID.180; Shattuck Aff.; Makara Aff.; Bennickson Aff.; Moyer Aff.; Hickok Aff.; Freiburger Aff.; Wickwire Aff.; Hadden Aff.; Normington Aff.; Policy Directive 04.05.120, Attachment B (docket no. 52-3, PageID.182). In this regard, defendants speculate that, "[i]f prisoner Cary's medicine bag contained a string, rope, cord or strip of leather, he would have been directed to remove it in order to possess the medicine bag in Segregation." Miller Aff. at PageID.180; Shattuck Aff.; Makara Aff.; Bennickson Aff.; Moyer Aff.; Hickok Aff.; Freiburger Aff.; Wickwire Aff.; Hadden Aff.; Normington Aff. While defendants have presented a possible reason why plaintiff's medicine bag could have been confiscated under the segregation standards, there is no evidence that plaintiff's medicine bag was confiscated for violating those standards. Defendants have provided no factual or legal basis to support a grant of summary judgment in their favor. Accordingly, the motion for summary judgment filed by defendants Miller, Shattuck, Makara, Bennickson, Moyer, Hickok, Freiburger, Wickwire, Hadden, and Normington (f/k/a Nevins) should be denied as to plaintiff's First Amendment claim.

### 3. Equal protection

On screening, the Court recognized that plaintiff's claims regarding his medicine bag included the allegation that "he was denied his right to equal protection because other inmates were permitted to keep their religious objects while in segregation, as specifically authorized by MICH.

---

the same force and effect as an affidavit for purposes of responding to a motion for summary judgment). However, plaintiff's statement is not in the appropriate form to serve as declaration for this purpose. *See* 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury") (requiring that such statements must be made in substantially the following form "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)").

DEP'T OF CORR., Policy Directive 04.05.120 ¶ V(25), unless prohibited under Attachment B to the policy, which does not exclude medicine bags." Opinion at PageID.50. The Court concluded that plaintiff's claims regarding his medicine bag, which would include the equal protection claim, are sufficient to warrant service of the complaint." *Id.* Defendants' motion does not address plaintiff's equal protection claim with respect to the medicine bag. Accordingly, that claim remains.

### D. Qualified Immunity

Finally, defendants contend that they are entitled to qualified immunity.

> Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability unless their conduct violates clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, a defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 816, 172 L.Ed.2d 565 (2009).

*Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir 2011). The Court may exercise its sound discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

Here, defendants nominally raised a qualified immunity defense. However, they did not address the specific claims on which they seek qualified immunity or provide legal authority on the legal questions at issue in this action. It is insufficient for defendants to cite law for the general proposition that qualified immunity exists and then simply assert that they are entitled to it. *Malec*

*v. Sanford*, 191 F.R.D. 581, 588 (N.D. Ill. 2000). A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Accordingly, defendants' motion for summary judgment on the ground of qualified immunity should be denied.

### III.   Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion for summary judgment (docket no. 51) be **GRANTED** as to the retaliation claim against defendant Robinson, **GRANTED** as to the RLUIPA claim against defendants Miller, Shattuck, Makara, Bennickson, Moyer, Hickok, Freiburger, Wickwire, Hadden, and Normington (f/k/a Nevins), and **DENIED** in all other respects.


Dated:  February 2, 2016          /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).