UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY #269436,

    Plaintiff,

                                        CASE NO. 1:13-cv-431

v.

                                        HON. ROBERT J. JONKER

MARSHAUN ROBINSON, *et al.*,

    Defendants.

_____/

**ORDER APPROVING REPORT AND RECOMMENDATION**

      The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 94) recommending: 1) summary judgment in favor of Defendant Robinson, 2) dismissal of claims under Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and 3) denial of qualified immunity for remaining Defendants on other claims. Defendants who work at Michigan Department of Corrections ("MDOC") objected to the third recommendation (docket # 96). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review in this case, the Court concludes that the Report and Recommendation is legally sound and factually correct, and the Court therefore adopts it as its decision.

MDOC Defendants' sole objection is to the denial of qualified immunity on remaining claims (docket # 96, PageID.528). Specifically, Defendants allege that the Magistrate Judge misapplied the burden-shifting framework for qualified immunity. Defendants correctly point out that the "plaintiff bears the ultimate burden of demonstrating that the defendant is not entitled to qualified immunity." (docket # 96, PageID.529) (quoting *Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011)). However, Defendants must first meet their showing to shift the burden over to the Plaintiff. *Garretzon v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005). In this case, Defendants used boilerplate language citing law on qualified immunity and asserting an entitlement. (docket # 52, PageID.168-171). The exact language in the motion could be applied in any First Amendment case. A recitation of law without any discussion of how it applies to the facts of this case is insufficient to shift the burden to Plaintiff. A rule to the contrary would effectively shift the burden to the Court to craft a case-specific argument for Defendant. The Court overrules the objection of the MDOC Defendants and instead adopts the analysis of the Report and Recommendation, which properly cites the legal standard (docket # 94, PageID.524) and applies it to this case.

**IT THEREFORE IS ORDERED** that:

- The Report and Recommendation of the Magistrate Judge (docket # 94) is approved and adopted as the opinion of this Court.

- Defendants' motion for summary judgment (docket # 51) is **GRANTED** as to the retaliation claim against Defendant Robinson, **GRANTED** as to the RUILPA claim, and **DENIED** in all other respects.


Dated:     February 22, 2016              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE