UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,

    Plaintiff,

v.

M. ROBINSON, *et al.*,

    Defendants.
_____/

Case No. 1:13-cv-431

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on plaintiff's motion for partial summary judgment (docket no. 77).

**I.**     **Background**

The incidents in this action occurred at Bellamy Creek Correctional Facility. Plaintiff's allegations can be summarized as follows. First, plaintiff alleged a First Amendment retaliation claim against Grievance Coordinator Robinson. *See* Opinion (docket no. 5, PageID.46). Second, plaintiff alleged claims under the First Amendment (free exercise), Fourteenth Amendment (equal protection), and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 arising, from the confiscation of his medicine bag. Plaintiff alleged that he is a practitioner of the Native American religion and that he keeps and wears a medicine bag as part of his religious practices. When he was placed in segregation on August 16, 2012, defendant Miller confiscated plaintiff's medicine bag, telling him that he was not permitted to possess the bag while he was housed in segregation. Thereafter, defendants Miller, Shattuck, Makara, and an unknown

defendant ("Unknown Party #3") allegedly opened and fingered the contents of the bag, thereby desecrating plaintiff's religious object. In addition, defendants Bennickson, Moyer, Hickok, Hadden, Wickwire, Freiberger, and "Unknown Party #3" refused to return the medicine bag. Plaintiff complains that these defendants denied his rights under the First Amendment and RLUIPA. Plaintiff also claims that he was denied his right to equal protection when another Native American prisoner housed in segregation was permitted to possess his medicine bag and other segregation prisoners were permitted to have their religious objects. Third, plaintiff alleged that some defendants violated Michigan's Ethnic Intimidation statute, M.C.L. § 750.147b.

On February 2, 2016, the undersigned issued a Report and Recommendation (the "R&R") with respect to defendants' previously filed motion for summary judgment. *See* Defendants' Motion for Summary Judgment (docket no. 51); R&R (docket no. 94). The District Judge subsequently adopted the R&R, granted defendants' motion for summary judgment as to plaintiff's retaliation claim against defendant Robinson and the RLUIPA claim, and denied defendants' motion as to the First Amendment (free exercise) and Fourteenth Amendment (equal protection) claims. *See* Order (docket no. 99).

Plaintiff filed his motion for partial summary judgment on February 1, 2016 (the day before the undersigned issued the R&R). In this motion, plaintiff seeks summary judgment against defendants Miller, Shattuck, Bennickson, Makara, Moyer, Hickok, Freiburger, Wickwire, Nevins, Mote, and Robinson for violations of his rights under the First and Fourteenth Amendments, violations of RLUIPA, and violations of Michigan's Ethnic Intimidation statute.[1]

---

[1] The Court notes that it did not identify the ethnic intimidation claim on initial screening. *See* Discussion, § III.D., *infra*.

## II.     Legal standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for

summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. Discussion

Unless otherwise specified, the Court incorporates the analysis of plaintiff's claims as set forth in the R&R.

#### A. Plaintiff's claim against defendant Robinson and his claims against all defendants under RLUIPA

As discussed, defendants have been granted summary judgment on plaintiff's claim retaliation claim directed against defendant Robinson and the RLUIPA claim. The Court concluded that plaintiff's retaliation claim failed because he was found guilty of the misconduct at issue. *See* R&R at PageID.520-521. In addition, the Court concluded that plaintiff's RLUIPA claims failed because he is not entitled to damages and his claim for injunctive relief was moot. *Id.* at PageID.521. Nothing in plaintiff's motion for partial summary judgment, his supporting brief (docket no. 78), his declaration (docket no. 79), or his statement of undisputed facts (docket no. 80)[2] changes these results. Accordingly, plaintiff's motion should be denied as to these claims.

---

[2] The Court notes that plaintiff's statement of undisputed facts is neither an affidavit nor an unsworn declaration under penalty of perjury as authorized under 28 U.S.C. § 1746.

**B.     Plaintiff's Fourteenth Amendment (due process) claims**

Plaintiff's motion is moot to the extent that it seeks summary judgment on his Fourteenth Amendment (due process) claims. The Court dismissed these claims on initial screening. *See* Opinion at PageID.44-46. Accordingly, plaintiff's motion should be denied as to these claims.

**C.     Plaintiff's Fourteenth Amendment (equal protection) and First Amendment (free exercise) claims**

In the R&R, the Court concluded that defendants provided no factual or legal basis to support a grant of summary judgment with respect to the First Amendment (free exercise) claim and that their motion did not address the Fourteenth Amendment (equal protection) claim. *See* R&R at PageID.522-524. For these reasons, defendants' motion for summary judgment was denied as to these claims. Plaintiff's motion and supporting materials are largely recitations of his allegations and do not establish that he is entitled to judgment as a matter of law on either of these claims. Issues of law and fact exist as to whether plaintiff was allowed to have the medicine bag in segregation. For example, while plaintiff was allowed to have religious objects in segregation, he was not allowed to have strings or cords. See Discussion in § III.D., *infra*. Accordingly, plaintiff's motion should be denied with respect to these claims.

**D.     Plaintiff's Ethnic Intimidation claim**

Finally, plaintiff seeks summary judgment on the Ethnic Intimidation claim brought under state law, M.C.L. § 750.147b. *See* Compl. (docket no. 1, PageID.14). Because that claim was not explicitly addressed on initial screening, the undersigned will address it now. Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss any prisoner action brought under

5

federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court can *sua sponte* dismiss plaintiff's *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides in pertinent part that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted[.]" *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir.2010) (the *Iqbal* plausibility standard applies when dismissing a claim under § 1915(e)(2)(B)(ii)).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Finally, it is well established that *pro se* complaints, like the one filed in this action, are held to even "less stringent standards than formal pleadings drafted by lawyers," *Kent v. Johnson*,

6

821 F.2d 1220, 1223 (6th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), and should be construed liberally, *see Alexander v. Northern Bureau of Prisons*, 419 Fed. Appx. 544, 545 (6th Cir. 2011). However, the liberal construction of *pro se* complaints does not require this Court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979).

The questions before the Court are (1) whether plaintiff stated a claim for relief under Michigan's Ethnic Intimidation statute "that is plausible on its face," *see Iqbal*, 556 U.S. at 678, and if so, (2) whether the Court should exercise supplemental jurisdiction of this state law claim. Michigan's Ethnic Intimidation statute provides as follows:

> (1) A person is guilty of ethnic intimidation if that person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, does any of the following:
>
> (a) Causes physical contact with another person.
>
> (b) Damages, destroys, or defaces any real or personal property of another person.
>
> (c) Threatens, by word or act, to do an act described in subdivision (a) or (b), if there is reasonable cause to believe that an act described in subdivision (a) or (b) will occur.
>
> (2) Ethnic intimidation is a felony punishable by imprisonment for not more than 2 years, or by a fine of not more than $5,000.00, or both.
>
> (3) Regardless of the existence or outcome of any criminal prosecution, a person who suffers injury to his or her person or damage to his or her property as a result of ethnic intimidation may bring a civil cause of action against the person who commits the offense to secure an injunction, actual damages, including damages for emotional distress, or other appropriate relief. A plaintiff who prevails in a civil action brought pursuant to this section may recover both of the following:
>
> (a) Damages in the amount of 3 times the actual damages described in this subsection or $2,000.00, whichever is greater.
>
> (b) Reasonable attorney fees and costs.

M.C.L. § 750.147b.

In his complaint, plaintiff alleged that he was allowed to have his medicine bag in segregation, but that:

> They [defendants] kept arguing, threatening if I didn't hand over my necklace they'd gas me, taze me, have Goon squad tackle me and take it. Shadick [] made comments of "Your gay so do you worship the scrotum pole?" & "is your name Brave taker of the hard dart?" c/o Miller said "I don't give a f--k if your [sic] the last Moheekin [sic], you ain't getting a medicine bag in seg." The Sgt. said "Well Tonto. You can give it up, or we'll take it." Over an hour of this. . . This medicine bag is very important to me a Native Brother made it for me, and other religious reasons. . . I have NO way to replace it if its damaged or lost. I know the gas would ruin it and staff forcing me to give it up would most likely damage it. . . So I gave Miller my Medicine Bag. I even tried to get Miller and the Cpt. to bring my duffel bag 15-20 ft. across the room so I could put it in myself and I'd allow them proper shake down before I did so they know I had no contraband. They refused. Miller said "I'm not going to cater to you over a f-----g indian bag." When I gave it to him he took it in the office where he and the others opened it dumped the contents on the table fingered through it. Squoze [sic] & twisted my medicine bag. Then brushed some of the contents back in and the rest into the trash can. Shadick smile [sic] and flicked me off. This much shows the complete disrespect to me, my property and religious bliefs [sic] and amounts to Ethnic Intimidation MCL 750.147b and violations of 1st & 14th Amendment Rights and Protections.

Compl. (docket no. 1, PageID.14). Plaintiff referred to MDOC Policy Directive 05.03.150A, Attachment A (Religious groups authorized to conduct group religious services/activities), which provided that he could possess a medicine bag no larger than 3" x 5" when laid flat, and "when the medicine bag is worn, must be worn around the neck on a strip of leather or string no longer than 24"." *Id.* at PageID.15. In addition, plaintiff alleged that the medicine bag was <u>not</u> one of the a religious items that was banned from segregation under MDOC Policy Directive 04.05.120B ("Items not allowed in segregation"). *Id.*

As one federal court observed, "[t]here is little case law applying § 750.147b at all, and an even greater dearth of authority applying the statute in a civil action." *Austin v. Redford*

*Township Police Department*, 859 F. Supp. 2d 883, 908 (E.D. Mich. 2011), affirmed, 690 F.3d 490 (6th Cir. 2012). To state a prima facie case of civil ethnic intimidation under M.C.L. § 740.147b(3), Michigan Courts require physical contact, damage to property or a threat involving such contact or damage, accompanied by either a direct reference to race or national origin, or, circumstantial evidence of a racist motive. *See, e.g*, *Imtiaz v. Board of Regents of University of Michigan*, No. 253107, 2006 WL 510057 at *9 (Mich. App. March 2, 2006) ("Here, plaintiff has not established a prima facie case of ethnic intimidation. The parties do not dispute that defendant Stoffers touched plaintiff's shoulder and only contest the context to be given to defendant Stoffers' comment. However, absent a direct reference to her ethnicity or circumstantial evidence to show a racist motive, a rational finder of fact could not infer that the reference to "September 11," alone, demonstrates the physical contact was committed maliciously with a specific intent to intimidate or harass because of national origin."); *Badiee v. Brighton Area Schools*, 265 Mich. App. 343, 360, 695 N.W.2d 521, 535 (2005) ("[Plaintiff] himself testified to only two instances in which ethnic slurs were allegedly directed at him. There is no evidence that either of these slurs accompanied any actual or threatened harm to [plaintiff] or his property. Accordingly, no reasonable jury could conclude that defendants engaged in conduct that violated the ethnic intimidation statute, and the trial court properly granted summary disposition."). *See also*, *Austin*, 859 F. Supp. 2d at 908 (where police officer tasered a suspect, the federal court determined that "to succeed on this claim [of civil ethnic intimidation] plaintiff must show that the defendants (1) caused physical contact with him or threatened to do so, and (2) did so with the specific intent to harass or intimidate him on the basis of his race").

Here, plaintiff's claim does not involve physical contact or a threat. Rather, plaintiff has alleged one instance in which (1) defendants Miller, Shattuck and an unidentified sergeant made racial slurs against him, and (2) Miller and other defendants later damaged his personal property (medicine bag) by squeezing it, twisting it and brushing some of its contents into a trash can. Taken alone, these allegations appear sufficient to support a cause of action for ethnic intimidation against defendant Miller.[3] *See Badiee*, 265 Mich. App. at 360; *Imtiaz*, 2006 WL 510057 at *9; *Austin*, 859 F. Supp. 2d at 908. However, plaintiff has made an additional allegation which affects the Court's analysis, i.e., that the medicine bag was a necklace. *See* Compl. at PageID.14. MDOC Policy Directive 04.05.120 ¶ V states that "a prisoner in segregation shall be provided with or allowed to possess" a number of items, "[s]ubject to the restrictions set forth in Attachment B." *See* PD 04.05.120 (docket no. 52-3, PageID.187). In turn, the restrictions set forth in Attachment B provide that "For security reasons, prisoners in segregation shall not be allowed to possess the following items: . . . 23. Strings, ropes, cords, strips of leather [.]" *See* MDOC Policy Directive Attachment B, 04.05.120B (docket no. 52-3, PageID.182) (emphasis in original). By definition, plaintiff's medicine bag (necklace) had some type of string or cord, which according to plaintiff, could be up to 24" in length.[4] Thus, under Policy Directive 04.05.120B, plaintiff was not allowed to have the medicine bag in segregation.

---

[3] The Court notes that in his statement of undisputed facts, plaintiff claims that it was defendant Shattuck and an unknown sergeant who fingered through the contents of the bag and brushed some of the contents into a trash can. *See* Plaintiff's Statement (docket no. 80, PageID.414).

[4] Plaintiff subsequently filed a photograph of the medicine bag, which clearly has a string or cord. *See* Photograph (docket no. 111-1, PageID.575). This photograph answers a question raised in defendant Miller's Affidavit filed in support of his motion for summary judgment, i.e., "[i]f prisoner Cary's medicine bag contained a string, rope, cord or strip of leather, he would have been directed to remove it in order to possess the medicine bag in Segregation." *See* R&R at PageID.523) (internal quotation marks omitted).

Michigan Courts have not addressed how a civil action for ethnic intimidation applies to individuals in government custody. Given plaintiff's allegations, this Court is placed in the position of deciding as a matter of first impression whether a prisoner can state a civil cause of action for ethnic intimidation against a prison employee when the alleged injury is damage to contraband. Under the circumstances of this case, the undersigned concludes that this is a novel question of state law which should be decided by the state court.

Pursuant to 28 U.S.C. § 1367(a), "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." While the Court may exercise jurisdiction over a plaintiff's state law claim, "[s]upplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right.'" *Habich v. City of Dearborn*, 331 F.3d 524, 534 (6th Cir. 2003), quoting *Baer v. R & F Coal Co.*, 782 F.2d 600, 603 (6th Cir.1986) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, a district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). This is such a claim. Plaintiff's allegations involve balancing the state's interest in allowing individuals to sue for damages arising from ethnic intimidation with its interests in maintaining prison security and regulating contraband. "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2nd Cir. 2003). Accordingly, this Court should decline to exercise supplemental jurisdiction over this state law claim.

### IV.     Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for partial summary judgment (docket no. 77) be **DENIED**.

I further recommend that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claim for Ethnic Intimidation, M.C.L. § 750.147b, and that this claim be **DISMISSED**.

I further recommend that this case proceed on plaintiff's claims under the First Amendment (free exercise) and Fourteenth Amendment (equal protection).


Dated: May 25, 2016               /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).