UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY #269436,

       Plaintiff,

                                   CASE NO. 1:13-cv-431

v.

                                   HON. ROBERT J. JONKER

MARSHAUN ROBINSON, *et al.*,

       Defendants.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 119) recommending: 1) denying Plaintiff's motion for partial summary judgment (ECF No. 77); and 2) declining to exercise supplemental jurisdiction over Plaintiff's state law claim for ethnic intimidation, therefore dismissing that claim. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review in this case, the Court concludes that the Report

and Recommendation is legally sound and factually correct, and the Court therefore adopts it as its decision.

Plaintiff has a "main concern" with the recommendation on the ethnic intimidation claim, which Plaintiff proceeds to discuss the merits of. (ECF No. 123, PageID.610-611). However, the Court is not resolving the merits of the ethnic intimidation claim under Michigan law because the Court is declining to exercise supplemental jurisdiction over that state-law claim. The claim under M.C.L. § 750.147b raises novel and complex issues of state law, and the Court has discretion whether to retain that claim or dismiss it. 28 U.S.C. § 1367(c)(1). The Court dismisses the claim, but notes that it does so without prejudice, leaving the Plaintiff free to pursue that claim in an appropriate venue.

**IT IS THEREFORE ORDERED** that:

• The Report and Recommendation of the Magistrate Judge (ECF No. 119) is approved and adopted as the opinion of this Court.

• Plaintiff's motion for partial summary judgment (ECF No. 77) is **DENIED.**

• Plaintiff's claim for ethnic intimidation under state law is **DISMISSED WITHOUT PREJUDICE,** as the Court declines to exercise supplemental jurisdiction over it.

**IT IS SO ORDERED.**

Dated:     August 12, 2016            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE